# In the United States Court of Federal Claims

| | |
|---|---|
| LAUNA GOLDDEEN OGBURN,<br><br>                    *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                    *Defendant*. | No. 22-502C<br>(Filed: August 26, 2022) |

*Launa Golddeen Ogburn*, *pro se*, Woodbridge, VA.

*Ioana Cristei*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

      Plaintiff Launa Golddeen Ogburn, appearing *pro se*, filed a Complaint in this Court on May 4, 2022, and an Amended Complaint on May 17, 2022, asserting claims relating to her Navy Thrift Savings Plan ("TSP") account. Compl., Docket No. 1; Am. Compl., Docket No. 8. Liberally construed, the pleadings suggest that Ms. Ogburn alleges the following: (1) she did not authorize a rollover of $9,978.97 from her Navy TSP account into a Fidelity investment account in 2007; (2) she does not have access to the Fidelity account to which the funds were rolled over, and the Fidelity account and the IRS form documenting the transfer are fraudulent; (3) an unidentified "civilian employee of the Federal Government" seemingly "claimed" the funds from the Fidelity account following the rollover; and (4) in 2016, after rolling over her Navy TSP funds into a First Command Financial Planning account, an error caused $6,518.32 to be withdrawn from her First Command account without Ms. Ogburn having "requested or received" the transfer. Compl. at 1–2; Am. Compl. at 1–3; Pl.'s Mem. in Supp. of Am. Compl. at 2, Docket No. 11.[1]

      Ms. Ogburn requests that the Court award her relief in the form of the sum that was allegedly transferred from her Navy TSP account without her authorization. *See* Am. Compl. at 3. This amount includes $9,978.97 (funds Ms. Ogburn contributed to the Navy TSP from

---

[1] For simplicity and consistency, references to the complaints and Plaintiff's other documents are to the pages of the PDF for each specific docket entry.

2002 to 2004), $10.20 per month in "gains," and "yearly gains" (which the Court interprets to be some form of interest those funds would have accrued since 2004). Am. Compl. at 1. Ms. Ogburn does not request specific relief related to her civilian TSP account or the funds allegedly withdrawn from her First Command account in 2016.

On June 30, 2022, the Government moved to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC"). Def.'s Mot., Docket No. 12. For the reasons discussed below, the Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the Government's Motion to Dismiss is **GRANTED** and the case must be **DISMISSED**.[2]

## I.  Subject Matter Jurisdiction

The Amended Complaint presents two categories of claims: one concerning the alleged unauthorized transfer of Ms. Ogburn's Navy TSP funds to a fraudulent Fidelity account in 2007 ("2007 rollover claims") and another concerning the TSP funds that allegedly went missing from Ms. Ogburn's First Command account in 2016 ("2016 withdrawal claim"). *See* Def.'s Mot. at 5. These claims can be interpreted as alleging fraud and breach of fiduciary responsibility by the Federal Retirement Thrift Investment Board, which operates the TSP. *See* Federal Employee Retirement System Act ("FERSA"), 5 U.S.C. § 8477(e)(3)(B)–(C) (establishing causes of action for TSP participants to seek injunctive relief against a fiduciary, to recover benefits, and to enforce any other claim for damages "caused by the negligent or wrongful act or omission of any fiduciary"). The Government requests that the Court dismiss the claims for lack of subject matter jurisdiction because they do not meet the requirements of either the Tucker Act or FERSA. *See* Def.'s Mot. at 5. The Court agrees that the claims must be dismissed for these reasons.

### A.  Legal Standards

The Court liberally construes a *pro se* plaintiff's pleadings and "reviews a *pro se* complaint, 'however inartfully pleaded,' with 'less stringent standards than formal pleadings drafted by lawyers.'" *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). However, although some leniency is "afforded to a *pro se* litigant with respect to mere formalities," it "does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

---

[2] "When an amended complaint is filed, 'the new complaint supersedes all previous complaints and controls the case from that point forward.'" *Sunrez Corp. v. United States*, No. 21-568, 2021 WL 3702018, at *1 (Fed. Cl. Apr. 12, 2021) (quoting *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)). Therefore, the Court's dismissal of the Amended Complaint here also dispenses with the original Complaint.

"Jurisdiction is a threshold matter and a case can proceed no further if the court lacks jurisdiction to hear it." *Schmidt v. United States*, 89 Fed. Cl. 111, 118 (2009) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Therefore, the Court has the duty "to examine its jurisdiction over every claim before it assumes jurisdiction over the claim." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998). The Tucker Act grants the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because the Tucker Act only waives sovereign immunity and does not create substantive rights, a plaintiff must identify a separate source of law that can be fairly interpreted as creating a right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Courts will grant a motion to dismiss under RCFC 12(b)(1) if a plaintiff fails to establish subject matter jurisdiction. *E.g.*, *Telemaque v. United States*, 82 Fed. Cl. 624, 626 (2008). In deciding on a motion to dismiss, the Court accepts uncontroverted factual allegations as true. *Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)). "If the defendant challenges jurisdictional facts, the plaintiff must support them with 'competent proof'" and show that jurisdiction is proper "by a preponderance of the evidence." *Schmidt v. United States*, 89 Fed. Cl. 111, 118 (2009) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). The Court may review evidence beyond the pleadings in this inquiry. *E.g.*, *Shoshone*, 672 F.3d at 1030 (quoting *Cedars-Sinai Med. Ctr.*, 11 F.3d at 1584).

### B.     2007 Rollover Claims

The Court does not have jurisdiction over the 2007 rollover claims under the Tucker Act. Benefits for retired military and civilian personnel, such as TSP accounts, "depend upon an exercise of legislative grace, not upon principles of contract, property, or 'takings' law." *Schism v. United States*, 316 F.3d 1259, 1268, 1274 (Fed. Cir. 2002) (en banc). These claims do not amount to a taking under the Fifth Amendment to the United States Constitution or arise out of a contract with the United States. *See id.*; 28 U.S.C. § 1491(a)(1). Additionally, Ms. Ogburn's claims of fraud sound in tort, and the Tucker Act expressly deprives this Court of jurisdiction over tort claims. *E.g.*, *Brown v. United States*, 105 F.3d 621, 622–23 (Fed. Cir. 1997) (holding that the Court of Federal Claims lacks jurisdiction over fraud claims because fraud is a tort).

The Amended Complaint also fails to cite a money mandating provision of law. Nevertheless, in liberally construing Ms. Ogburn's pleadings, the Court interprets FERSA as the applicable money mandating provision governing the 2007 rollover claims. Ms. Ogburn's claims of fraud and for benefits associated with her TSP fall under the causes of action established in that statute. *See* 5 U.S.C. § 8477(e)(3)(B)–(C). However, Congress granted "exclusive jurisdiction" to the United States district courts for causes of action for funds from federal government TSP accounts, including military TSP accounts such as Ms. Ogburn's. 5 U.S.C. § 8477(e)(7)(A)–(B); *see also id.* § 8432b. The Court of Federal Claims is not a United States district court. Therefore, FERSA prevents this Court from exercising jurisdiction over the

2007 rollover claims relating to the allegedly fraudulent operation of Ms. Ogburn's TSP and missing benefits in the amount of $9,978.97 plus gains.

Finally, the Court must also dismiss the 2007 rollover claims for lack of subject matter jurisdiction because they are time barred by both the Tucker Act and FERSA. Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim under the Tucker Act accrues when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue [in this Court] for his money." *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005) (citing *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc)). FERSA also sets its own statute of limitations to pursue a cause of action concerning fraud relating to "a fiduciary's breach of any responsibility, duty, or obligation." 5 U.S.C. § 8477(e)(6). Under FERSA, Ms. Ogburn would have had to bring her claim in a United States district court by the earlier of six years after her claim accrued, or six years after she discovered the fraudulent violation. *See id.*

Ms. Ogburn should have discovered the alleged fraud and unauthorized transfer of funds from her TSP account when she was informed that the funds were rolled over into a Fidelity account and when she received the TSP and IRS forms documenting the rollover in 2007. *See* Compl. at 1; Am. Compl. at 1–3; Pl.'s Ex. 1 at 8, Docket No. 8-1. From that point, Ms. Ogburn had until 2013 to file her claims. Thus, the statutes of limitations under both the Tucker Act and FERSA have long since expired.

### C.    2016 Withdrawal Claim

The Court also does not have subject matter jurisdiction over the 2016 withdrawal claim. When Ms. Ogburn rolled over her TSP funds into a private retirement account with First Command Financial Planning, the funds ceased to be part of a federal government retirement account. Because the 2016 withdrawal claim centers on an alleged error concerning Ms. Ogburn's private retirement account, this allegation cannot be considered a claim for money damages against the United States. *See Jankovic v. United States*, 204 Ct. Cl. 807, 807 (1974) ("This Court does not have jurisdiction since plaintiff is not asking for money presently due him from the United States." (quoting *Prentiss v. United States*, 115 Ct. Cl. 78 (1949))). Therefore, the 2016 withdrawal claim does not present a cognizable basis for jurisdiction under the Tucker Act because it is not "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). Even if the 2016 withdrawal claim could be classified as a claim for missing benefits under Ms. Ogburn's Navy TSP, the Court would still lack jurisdiction to consider it for the reasons outlined above. *See* 5 U.S.C. § 8477(e)(7)(A)–(B).

### II.    Conclusion

For the foregoing reasons, the Government's Motion to Dismiss is **GRANTED** and the case is **DISMISSED**. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                         <u>s/ Carolyn N. Lerner</u>
                                         CAROLYN N. LERNER
                                         Judge